AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

In the Matter of the Search of )
*(Briefly describe the property to be searched or identify the person by name and address)* )
A black iPhoneXr with serial number DX3D44ELKXKN and IMEI number 352889112007596 currently in the custody of the HCTF located at 138 E. Court Street, Cincinnati, Ohio. )

Case No. 1:22-mj-459

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the **Southern** District of **Ohio**, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) and 846 | Possession with Intent to Distribute Controlled Substances. |

The application is based on these facts:
See Affidavit.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*
TFO James L. Drake, DEA
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by **via FaceTime video** *(specify reliable electronic means)*.

Date: **Aug 2, 2022**

Karen L. Litkovitz
United States Magistrate Judge

City and state: Cincinnati, Ohio

## ATTACHMENT A

### Property to Be Searched

1. **A black iPhoneXr with serial number DX3D44ELKXKN and IMEI number 352889112007596** currently in the custody of the HCTF located at 138 E. Court Street, Cincinnati, Ohio.

 

2. This warrant authorizes the forensic examination of the **SUBJECT TELEPHONE** for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1. All records on **SUBJECT TELEPHONE** in Attachment A that relate to violations of 21 U.S.C. §§ 841(a)(1) and 846 (possession with the intent to distribute controlled substances) and involve **Michael ANDERSON** and other yet known and unknown individuals including:

   a. Evidence that shows the **SUBJECT TELEPHONE** were used to further facilitate the distribution of illegal narcotics;
   b. lists of customers and related identifying information;
   c. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;
   d. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);
   e. any information recording schedules or travel;
   f. any and all stored telephone numbers;
   g. any and all text messages, to include incoming, outgoing, saved, deleted, and drafts;
   h. Any and all emails, sent, received, delete, draft and/or saved;
   i. any and all voicemails;
   j. any and all photographs, electronic images, video recordings, and/or images saved and/or deleted on the cellular device;
   k. Any and all data retrieved from Apps on the device;
   l. any and all entries made in a calendar and/or notebook feature;
   m. any and all personal numbers associated with the cellular device to include the telephone number, push-to-talk number, make, model, carrier, ESN, IMEI, ICCID, MEID, SEID, and or IMSI.

2. Evidence of user attribution showing who used or owned **SUBJECT TELEPHONE** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF<br>A black iPhoneXr with serial number<br>DX3D44ELKXKN and IMEI number<br>352889112007596<br>currently in the custody of the HCTF located at<br>138 E. Court Street, Cincinnati, Ohio. | CASE NO. 1:22-mj-459<br>UNDER SEAL |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, James L. Drake, a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA) being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510 (7) of Title 18, United States Code, that is, an officer of the United States who is empowered by the law to conduct investigations of, and to make arrests for, the offenses enumerated in Title 18, United States Code, Section 2516.

3. I am a Detective with the Amberley Village Police Department (AVPD), currently assigned to the Heroin Coalition Task Force (HCTF) with twenty-three (23) years of law enforcement experience. I am also deputized by the Drug Enforcement Administration (DEA) as a Task Force Officer (TFO) and have been since October 2021. I completed my law enforcement training at the Great Oaks Police Academy in Cincinnati, Ohio and have received extensive

additional training in criminal investigations throughout my law enforcement career to include training in offenses involving controlled substances.

4. Facts set forth in this affidavit are based on personal knowledge derived from my participation in this investigation and upon information presented to me by other law enforcement officers involved in this case. The sources of my information and beliefs include:

    a. Oral and written reports about this and other investigations which I have received from TFOs within the HCTF and other law enforcement authorities;

    b. Physical surveillance conducted by TFO's of the HCTF and/or other law enforcement authorities and which have been reported to me either directly or indirectly;

5. By virtue of my involvement in these investigations, I have become familiar with the various means and mechanisms used by narcotic traffickers to import and distribute controlled substances and to remain at large without being detected by law enforcement. I am familiar with the fact that drug traffickers make tremendous profits through drug trafficking and require large amounts of currency to operate surreptitiously. In this regard, I have obtained and executed numerous search warrants pursuant to which I have seized ledgers, notebooks, papers, and other related record-keeping instruments, all of which have been used to record multiple narcotics and related money laundering transactions, telephone books, diaries, invoices, beepers, cellular telephones and correspondence, all of which have contained evidence of narcotic trafficking and money laundering violations.

6. During the course of my law enforcement career I have conducted and participated in the investigation of numerous criminal offenses, including those involved in the current investigation. I have participated in hundreds of investigations including but not limited to: Aggravated Murder, Involuntary Manslaughter, Aggravated Robbery, Rape, Child Molestation,

Burglary, Drug Trafficking and Theft which resulted in the successful prosecution of defendants in the State and Federal Courts. These investigations have also included the unlawful importation, possession with intent to distribute and distribution of illegal substances, the related money laundering instruments, the conducting of monetary transactions involving the proceeds of specified unlawful activities, and conspiracies associated with criminal narcotic offenses. These investigations during my career, which have resulted in the seizure of narcotics, arrests of suspects, their prosecution, conviction and the seizure of large amounts of U.S. currency; and have involved: the use of confidential informants; undercover agents; toll records; physical surveillances and the execution of search warrants. I have planned, participated in and supervised the execution of numerous search warrants authorizing the search of drug traffickers, locations associated with drug traffickers and their co-conspirators, such as residences, businesses, storage facilities, outbuildings, safety deposit boxes, and vehicles. I have testified in grand jury proceedings; and have written reports and analyzed documents in the course of investigations.

7. I have been involved in numerous post-arrest interviews of individuals, interviewed defendants in conjunction with post-arrest proffers, interviewed confidential informants and other non-defendant individuals with knowledge of illegal drug trafficking. During such interviews and discussions with other experienced agents, I have become familiar with the day-to-day operations of distributors and transporters of controlled substances. I have gained knowledge regarding the various methods, techniques, codes, and/or jargon used by illegal drug traffickers in the course of their criminal activities, including the use of firearms to protect their narcotics related activities and of cellular telephones, pagers, and personal digital assistants to facilitate communications while attempting to avoid law enforcement scrutiny.

8. As a result of my participation in these, and other activities, I have gained particular knowledge in the use of undercover agents, confidential informants, physical surveillance, consensual recordings, investigative interviews, mail covers, garbage searches, GPS tracking devices, pole-mounted cameras, grand jury subpoenas and federal and state search warrants. In addition to using these investigative techniques, I have been required to analyze information resulting from traditional record sources, such as financial records, utility records, and telephone toll and subscriber records, as well as nontraditional record sources, such as the informal ledgers routinely maintained by narcotics traffickers listing amounts of drugs received from sources and distributed to customers and the amounts of money received from customers and owed to sources, commonly referred to as pay-owe sheets. I have also gained experience in the identification and collection of drug and non-drug evidence.

9. By virtue of my training and experience, through my conversations with and review of reports from other experienced agents and officers who conduct drug investigations, I have become familiar with the methods used by drug traffickers to import, transport, store, safeguard, remit and/or launder drug proceeds; and the methods used by drug traffickers to collect, transport, store, safeguard, remit and/or launder drug proceeds; and the methods used by drug traffickers to obtain and utilize telephones, pagers, computers, and other devices in order to communicate with each other; and the jargon and/or codes commonly used when they refer to drugs and/or drug proceeds. As a result of my experience, I have become familiar with the day-to-day operations and the various tools, methods, trends, paraphernalia and related articles used by various traffickers in their efforts to manufacture, possess, import, conceal, package, use and distribute controlled substances.

4

10. I have also had discussions with other law enforcement officers and other cooperating individuals about the packaging and preparation of narcotics, methods of operations, and security measures which are often employed by narcotics traffickers. I have examined documentation of various methods in which illicit drugs are smuggled, transported, and distributed. Through these investigations, I have gained expertise in the use of a variety of law enforcement techniques, including the utilization of confidential informants and undercover agents, the use of physical surveillance techniques, and various other types of electronic surveillance techniques, such as body wires and transmitters. Additionally, I have gained knowledge and expertise in the utilization of telephone toll analysis; the analysis of traditional types of records, including financial records, telephone records and utility records; and nontraditional records, including records routinely maintained by narcotics traffickers listing amounts of drugs delivered and amounts of money owed (pay-and-owe sheets). I have also gained knowledge and expertise in the collection and identification of drug evidence and the analysis and interpretation of taped conversations obtained by the methods detailed above.

11. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.

### IDENTIFICATION OF THE DEVICE TO BE EXAMINED

12. The property to be searched:

**SUBJECT TELEPHONE**: black iPhoneXr with serial number **DX3D44ELKXKN and IMEI number 352889112007596**. Seized during the arrest of Michael ANDERSON.

13. The **SUBJECT TELEPHONE** is currently in the custody of the HCTF located at 138 E. Court Street, Cincinnati, Ohio.

5

14. The applied-for warrant would authorize the forensic examination of the **SUBJECT TELEPHONE** for the purpose of identifying electronically stored data particularly described in Attachment B.

15. This affidavit is submitted in support of an application for a search warrant for the described cell phone content of the **SUBJECT TELEPHONE** belonging to Michael ANDERSON. Michael ANDERSON has been charged by complaint with Possession with Intent to Distribute Mixtures or Substances Containing Fentanyl, a Schedule II controlled substance, in violation of federal law. Since this affidavit is being submitted for the limited purpose of establishing probable cause supporting the application for a search warrant, I have not included each and every fact and circumstance which I am aware. This affidavit is intended to show only that there is sufficient probable cause to issue the requested warrant authorizing the described search of the **black iPhoneXr with serial number DX3D44ELKXKN and IMEI number 352889112007596** belonging to Michael ANDERSON and so, does not set forth all of my knowledge about this matter.

16. Based on my training and experience as well as the facts as set forth in this affidavit, there is probable cause to believe that violations of 21 U.S.C. §§ 841(a)(1) and 846 (possession with the intent to distribute controlled substances) have been committed by Michael ANDERSON. There is also probable cause to search the information described in Attachment A for evidence, contraband, fruits and/or instrumentalities of these crimes further described in Attachment B.

## FACTS ESTABLISHING PROBABLE CAUSE

17. I am one of several law enforcement officers conducting an ongoing investigation into the drug-trafficking activities of Michael ANDERSON (hereinafter "ANDERSON").

18. The facts contained in this affidavit are based upon personal knowledge, information from other TFOs with the HCTF, Special Agents (SAs) with the DEA, officers from

6

other law enforcement agencies, cooperating sources that have provided reliable information to me, and checks of computerized indices and public records. Michael ANDERSON has been charged by Criminal Complaint with the possession of controlled substances with intent to distribute them, in violation of 21 United States Code, Sections 841(a)(1) and 846.

19. On November 7, 2021, the HCTF was contacted by the Cincinnati Police Department (CPD) Sergeant (Sgt.) Jason Hubbard for a suspected overdose death at 3272 Gobel Ave., Apt. #5, Cincinnati, OH, 45211. Cincinnati Police and Fire were dispatched at approximately 6:04 PM for a possible deceased person in the apartment. A caller had reported looking into the apartment after hearing a crying child and observing a female, known to agents and identified herein as "A.M.", face down and unresponsive, on the couch in the living room.

20. At approximately 6:10 PM, the responding Cincinnati Fire unit reported that A.M. was deceased, according to computer aided dispatch (CAD) records obtained by the HCTF. Cincinnati Police notified the Hamilton County Coroner's Office (HCCO) and A.M. was pronounced at 6:48 P.M., by Dr. Dorothy Dean. The HCCO also dispatched Coroner's Investigators Justin Weber and Rich Bryant to the scene.

21. While conducting their death investigation, HCCO investigators checked a kitchen cabinet and located a small blender, commonly used for mixing protein and supplement drinks, inside of which there was a white powder residue. HCCO Investigator Weber utilized a field test wipe on the powder residue and it showed positive for cocaine. Continuing their search, they entered a bedroom where there was a dresser on which was mail addressed to Michael William ANDERSON at 1903 Duck Creek Rd., Cincinnati, OH, along with a silver hand press. Based on my training, knowledge and experience, I am aware that this type of hand press is used by drug traffickers to press powders they have mixed or diluted with other substances to increase the

7

amount of material they have to distribute and to make their product more attractive to buyers, as it is believed by buyers that a pressed product is a higher quality product.

22. At approximately 9:30 PM, your affiant, Task Force Officers (TFOs) Joshua Schlie and Anthony Peters responded to the scene. TFO Joshua Schlie prepared a search warrant for the residence, using information relayed to him.

23. TFO Schlie presented the affidavit in support of the search warrant to Hamilton County Ohio Municipal Court Judge Tyrone Yates. After reviewing the affidavit, Judge Yates approved and issued the search warrant. Agents at the scene then searched the residence.

24. U.S. Mail was located in the residence, addressed to Michael William ANDERSON at an address of 1903 Duck Creek Rd., Cincinnati, Ohio. Also located in the residence - specifically in the bedroom where the hand press was located - were multiple labeled prescription bottles containing medication for Michael ANDERSON.

25. In this same bedroom, in the closet, agents located a protein powder container containing a digital scale and multiple bags of suspected controlled substances. These were seized and sent to the HCCO Crime Laboratory for analysis. The HCCO consequently issued lab report # CL21-7940 identifying that over 148 grams of controlled substance mixtures were in the various containers. Those controlled substances included mixtures containing acetyl fentanyl, fentanyl, cocaine and heroin.

26. The HCCO also tested packaging material for the controlled substances collected at 3272 Gobel Ave., Apt. #5, for DNA, and were able to identify Michael ANDERSON's DNA on multiple items, including one package from the protein container, which itself held 33.124 grams of an acetyl fentanyl, heroin, fentanyl, xylazine mixture.

27.     TFOs also located photographs of Michael ANDERSON in the apartment. Your affiant positively identified the person in the picture as Michael ANDERSON, who was familiar to your affiant prior to this incident. Your affiant also compared the individual in the located photograph to the Ohio driver's license photo of Michael ANDERSON, DOB: ▮▮▮1975, which confirmed that the individual shown in the located photograph and in the Ohio driver's license photo are the same person.

28.     A forensic analysis of A.M.'s phone was conducted and a phone number, 513-915-9150, was identified as likely being ANDERSON's phone number.

29.     Your affiant also located 513-915-9150 on a citation issued to ANDERSON on 04/25/2022, when ANDERSON was arrested for DUI and other charges in Hamilton County, Ohio.

30.     Your affiant also queried ANDERSON in a law enforcement database and found that ANDERSON is serving a term of Supervised Release to the United States District Court of the Southern District of Ohio, consequent to his conviction and imprisonment for violation of federal drug laws. Further, State of Ohio computerized criminal history records show that ANDERSON had an arrest in 2010 for Trafficking in Drugs in Clermont County and an arrest in 2015 for Possession and Trafficking charges in Hamilton County.

31.     On August 1, 2022, Michael ANDERSON was taken into custody on a Federal arrest warrant by sworn complaint. This Federal arrest warrant was issued on July 30, 2022 by Honorable J. Gregory Wehrman, United States Magistrate Judge in the United States District Court, Southern District of Ohio.

32.     During the execution of the arrest warrant of Michael ANDERSON, ANDERSON was found to possess a **black iPhoneXr with serial number DX3D44ELKXKN and IMEI**

9

**number 352889112007596.** During the interview with Michael ANDERSON, he provided agents with multiple identifiable phone numbers known by agents to be used by known drug dealers.

33. All of the above-described events occurred in the Southern District of Ohio.

34. Based on the provided facts, your affiant believes that information contained on the cellular device listed above, recovered from Michael ANDERSON, is likely to contain information about drug trafficking and/or other subjects involved in the use or distribution of fentanyl and/or other controlled substances. This information may be in the form of electronically stored messages, call records, contacts, and other form of digital data, stored on these devices. Accordingly, forensic analysis of the **SUBJECT TELEPHONE** will assist law enforcement in uncovering evidence of the following violations: 21 U.S.C. §§ 841(a)(1) and 846 (possession with the intent to distribute controlled substances).

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

35. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

36. *Nature of* examination. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Subject Telephones consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

37. *Manner of* execution. Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

Based on the foregoing, I believe there is probable cause to believe that violations of 21 U.S.C. §§ 841(a)(1) and 846 (possession with the intent to distribute controlled substances) have been committed by Michael ANDERSON. There is also probable cause to believe to search the information described in Attachment A for evidence, contraband, fruits and/or instrumentalities of these crimes further described in Attachment B.

Respectfully submitted,

TFO [signature], DEA
Task Force Officer James L. Drake
Drug Enforcement Administration

Subscribed and sworn to before me on this 2nd day of August, 2022.

[signature]
Karen L. Litkovitz
United States Magistrate Judge

11

## ATTACHMENT A

### Property to Be Searched

1. **A black iPhoneXr with serial number DX3D44ELKXKN and IMEI number 352889112007596** currently in the custody of the HCTF located at 138 E. Court Street, Cincinnati, Ohio.



2. This warrant authorizes the forensic examination of the **SUBJECT TELEPHONE** for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1. All records on **SUBJECT TELEPHONE** in Attachment A that relate to violations of 21 U.S.C. §§ 841(a)(1) and 846 (possession with the intent to distribute controlled substances) and involve **Michael ANDERSON** and other yet known and unknown individuals including:

   a. Evidence that shows the **SUBJECT TELEPHONE** were used to further facilitate the distribution of illegal narcotics;
   b. lists of customers and related identifying information;
   c. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;
   d. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);
   e. any information recording schedules or travel;
   f. any and all stored telephone numbers;
   g. any and all text messages, to include incoming, outgoing, saved, deleted, and drafts;
   h. Any and all emails, sent, received, delete, draft and/or saved;
   i. any and all voicemails;
   j. any and all photographs, electronic images, video recordings, and/or images saved and/or deleted on the cellular device;
   k. Any and all data retrieved from Apps on the device;
   l. any and all entries made in a calendar and/or notebook feature;
   m. any and all personal numbers associated with the cellular device to include the telephone number, push-to-talk number, make, model, carrier, ESN, IMEI, ICCID, MEID, SEID, and or IMSI.

2. Evidence of user attribution showing who used or owned **SUBJECT TELEPHONE** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means  ☐ Original  ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

In the Matter of the Search of )
*(Briefly describe the property to be searched or identify the person by name and address)* )
A black iPhoneXr with serial number DX3D44ELKXKN and IMEI number 352889112007596 currently in the custody of the HCTF located at 138 E. Court Street, Cincinnati, Ohio. )

Case No. 1:22-mj-459

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the ___Southern___ District of ___Ohio___
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before ___8/16/2022___ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ___Hon. Karen L. Litkovitz___.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ___ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of ___.

Date and time issued: __4:57 PM, Aug 2, 2022__

City and state: ___Cincinnati, Ohio___

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name(s) of any person(s) seized: |||

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

1. **A black iPhoneXr with serial number DX3D44ELKXKN and IMEI number 352889112007596** currently in the custody of the HCTF located at 138 E. Court Street, Cincinnati, Ohio.



2. This warrant authorizes the forensic examination of the **SUBJECT TELEPHONE** for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1. All records on **SUBJECT TELEPHONE** in Attachment A that relate to violations of 21 U.S.C. §§ 841(a)(1) and 846 (possession with the intent to distribute controlled substances) and involve **Michael ANDERSON** and other yet known and unknown individuals including:

    a. Evidence that shows the **SUBJECT TELEPHONE** were used to further facilitate the distribution of illegal narcotics;
    b. lists of customers and related identifying information;
    c. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;
    d. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);
    e. any information recording schedules or travel;
    f. any and all stored telephone numbers;
    g. any and all text messages, to include incoming, outgoing, saved, deleted, and drafts;
    h. Any and all emails, sent, received, delete, draft and/or saved;
    i. any and all voicemails;
    j. any and all photographs, electronic images, video recordings, and/or images saved and/or deleted on the cellular device;
    k. Any and all data retrieved from Apps on the device;
    l. any and all entries made in a calendar and/or notebook feature;
    m. any and all personal numbers associated with the cellular device to include the telephone number, push-to-talk number, make, model, carrier, ESN, IMEI, ICCID, MEID, SEID, and or IMSI.

2. Evidence of user attribution showing who used or owned **SUBJECT TELEPHONE** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.